UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document also relates to member case:**

*Hugh A. Chairnoff, et al. v. Islamic Republic of Iran,* **1:18-cv-12370 (GBD) (SN)**

### [PROPOSED] DEFAULT JUDGMENT

In accordance with the Memorandum Decision and Order issued on March 22, 2023 and annexed hereto, it is hereby

**ORDERED, ADJUDGED AND DECREED** that Plaintiff Jamie K. Hawkins have judgment against Defendant the Islamic Republic of Iran in the liquidated amount of $8,500,000, plus prejudgment interest at the rate of 4.96% per annum compounded annually from September 11, 2001 until March 22, 2023 amounting to $15,604,884.19, amounting in all to **$24,104,884.19**.

Dated: New York, New York

   February     , 2024

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
IN RE: : MEMORANDUM DECISION
: AND ORDER
TERRORIST ATTACKS ON :
SEPTEMBER 11, 2001 : 03 MDL 1570 (GBD) (SN)
:
------------------------------------x

This document relates to:

 *Chairnoff, et al. v. Islamic Republic of Iran*, No. 18-cv-12370 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

 On October 31, 2016, this Court granted a motion for default judgment against the Islamic Republic of Iran. (Order, ECF No. 3383).[1] On July 21, 2022, Plaintiff Jamie K. Hawkins was added as a plaintiff in *Charnoff, et al. v. Islamic Republic of Iran*, No. 18-cv-12370. (ECF No. 86 in *Chairnoff*, No. 18-cv-12370.) Plaintiff now moves for solatium damages on the ground that her close relationship with her stepfather Geoffrey E. Guja, who was killed in the September 11, 2001 terrorist attacks ("9/11 Attacks"), merits a finding that she is a functionally equivalent family member of the victim. Before this Court is Magistrate Judge Sarah Netburn's September 27, 2022 Report and Recommendation ("the Report"), recommending that this Court grant Plaintiff's motion and award Plaintiff $8,500,000 in solatium damages. (Report, ECF No. 8566, at 4.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 5.) No party has filed objections. Upon review of Magistrate Judge Netburn's Report for clear error, this Court ADOPTS the Report in full.

---

[1] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570.

1

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN HER RECOMMENDATIONS ON DAMAGES

Magistrate Judge Netburn did not commit clear error in finding that *Chairnoff* Plaintiffs properly served Iran and that Iran is liable to Plaintiff, who was added as a plaintiff in the *Chairnoff* action. (Report at 1–2.) Service was satisfactorily achieved by diplomatic means in accordance with 28 U.S. Code § 1608(a)(3)–(4), and Iran has yet to appear in this action. (*See id.* at 2.) "The only outstanding question is [Plaintiff's] damages." (*Id.*)

"In limited circumstances . . . damages have been awarded to non-immediate family members who are the 'functional equivalent' of immediate family." (*Id.*) A long-established framework exists for solatium damages awarded to family members of victims who died from the 9/11 Attacks. (*See* Oct. 3, 2012 Order, ECF No. 2623.) On October 31, 2016, with refinements on November 17, 2017, this Court adopted a framework for determining if a plaintiff is a functional equivalent of an immediate family member. (*See* Orders, ECF No. 3384; ECF No. 3795.)[2]

---

[2] This Court has used this framework on numerous occasions. (*See, e.g.*, ECF Nos. 4175, 5154, 5387, 5483, 8264, 8267, 8268, 8269, and 8293.)

2

Magistrate Judge Netburn's Report correctly applied these same frameworks to the instant motion seeking solatium damages for Plaintiff. (Report at 2–4.) Plaintiff and her mother, the victim's widow, submitted declarations wherein they extensively detailed Plaintiff's relationship with her stepfather Mr. Guja. (*See* Decl. Joseph Peter Drennan, ECF No. 8495, Exs. 1–2.) The Report accurately describes the relationship between Plaintiff and Mr. Guja and considers the relevant factors in evaluating whether the relationships are functionally equivalent to immediate family relationships. (Report at 3–4.) Therefore, Magistrate Judge Netburn did not commit error in recommending that Plaintiff be awarded $8,500,000 as the functional equivalent of a child of a 9/11 victim.

### III.    CONCLUSION

Plaintiff's motion for partial final default judgment as to solatium damages against the Islamic Republic of Iran, (ECF No. 8494), is GRANTED. It is

**ORDERED** that Plaintiff Jamie K. Hawkins be awarded $8,500,000 for solatium damages; and it is

**ORDERED** that prejudgment interest is awarded at a rate of 4.96 percent per annum, all interest compounded annually for the period from September 11, 2001 until the date of the judgment for damages; and it is

**ORDERED** that Plaintiffs not appearing on this motion and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards that may be approved on the same basis as currently approved for this Plaintiff or in prior filings.

The Clerk of Court is directed to close the open motions (ECF No. 8494 in 03-md-1570; ECF No. 94 in 18-cv-12370).

Dated: March 22, 2023
      New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge

4