**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 22, 2026

By ECF

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Chairnoff et al v. Islamic Republic of Iran*, 18-cv-12370 (GBD) (S.D.N.Y.)
*United States v. Approximately 127,271 Bitcoin*, No. 25-cv-5745 (RPK) (E.D.N.Y.)

Dear Judge Daniels:

I write on behalf of the United States Attorney's Office for the Eastern District of New York (the "Office"). The Office is prosecuting defendant Chen Zhi on charges of money laundering and wire fraud conspiracy and, of particular relevance here, has brought a related civil forfeiture action, presided over by the Honorable Rachel P. Kovner, United States District Judge for the Eastern District of New York: *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-5745 (RPK) ("*127,271 BTC*").

The government writes to bring to the Court's attention certain facts about the motion recently brought before Your Honor, *see* ECF No. 168 (the "Chairnoff Motion"), and to request that the Court stay or dismiss the Chairnoff Motion, which reflects an attempt to end-run orderly processes of litigation currently running their course before Judge Kovner in the Eastern District of New York.

The movants advancing the Chairnoff Motion (the "Chairnoff Movants") are putative claimants against the very same property in *127,271 BTC*, where they moved on January 16, 2026 for leave to file a claim out of time, having missed the applicable deadlines. *See 127,271 BTC*, ECF No. 56. That motion remains pending, and Judge Kovner has directed the government to respond by January 27, 2026. *See 127,271 BTC*, Dkt. Order (Jan. 20, 2026).

The government recently became aware that the Chairnoff Movants, not content to wait for Judge Kovner's ruling on their untimely claim, filed the Chairnoff Motion before this Court, seeking the same *res* that is at issue in *127,271 BTC*. Notably, the issues before this Court in deciding the Chairnoff Motion are identical to those in a (legally identical) action brought in the Eastern District of New York by another set of claimants in *127,271 BTC*. *See Iran and China Investment Development Group d/b/a Lubian.com*, No. 25-cv-7093 (E.D.N.Y.) (the "Fritz Suit"). The Chairnoff Motion concededly relies entirely on the Fritz Suit for its factual allegations with respect to the funds whose attachment is sought. *See Chairnoff*, ECF No. 167, at ¶¶ 18–22. And in the Fritz Suit, the Honorable Marcia M. Henry, United States Magistrate Judge for the Eastern District of New York, has given the Office a deadline of February 9, 2026 to state its position on the plaintiffs' arguments there. The government has applied to Judge Kovner—on consent of the *Fritz* plaintiffs—for a finding that the Fritz Suit is related to *127,271 BTC* and thus should be reassigned to Judge Kovner. *See* No. 25-cv-5745 (E.D.N.Y.), ECF No. 102.

The Chairnoff Motion reflects an effort to end-run these processes and litigate before this Court matters that are central to the Eastern District of New York actions before they have been, or could possibly be, fleshed out in the Eastern District of New York.[1]

This Court should not assert jurisdiction over the cryptocurrency, *i.e.*, *res*, at issue in *127,721 BTC* because that property is already the subject of another court's *in rem* jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006) ("[W]hen one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."); *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466–67 (1939) (explaining that where "two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation," "the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other"); Wright & Miller, 13F Fed. Prac. & Proc. Juris. § 3631 (3d ed., Oct. 2020) ("[W]hen a state or federal court of competent jurisdiction has obtained possession, custody, or control of particular property, that authority and power over the property may not be disturbed by any other court." (collecting citations)). Indeed, ruling on these issues in this forum, when they already are being definitively addressed in another, runs counter to judicial efficiency.

Therefore, the government respectfully therefore submits that this Court should either stay the Chairnoff Motion or dismiss it without prejudice, pending Judge Kovner's rulings on the factual issues already pending before her. *See California Pub. Emps' Ret. Sys. v. ANZ Sec.*, 582 U.S. 497, 513 (2017) ("District courts . . . have ample means and methods to administer their dockets and to ensure that any additional filings proceed in an orderly fashion");

[1] The Court, in deciding the Chairnoff Motion, is required to assess the movants' likelihood of success. *See* N.Y. CPLR § 6212 (requiring plaintiff seeking order of attachment to show that "it is probable that the plaintiff will succeed on the merits"); Fritz Suit, Emergency Motion for Attachment, ECF No. 70, at 11 (accusing the government of "minimiz[ing]" connection between the defendant cryptocurrency in *127,271 BTC* and Iran).

*Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (discussing a court's "inherent authority to manage [its] docket").

The government appreciates the Court's consideration and is available to provide further information on this matter as the Court requires.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Alexander Mindlin
Tanisha Payne
Benjamin Weintraub
Andrew Reich
Rebeccah Schuman
Assistant U.S. Attorneys
(718) 254-7000